UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DICK GEORGE,

Plaintiff,

Docket No. 13-CV-3108

-against-

**VERIFIED AMENDED
COMPLAINT**

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, LIEUTENANT DENNIS FERBER,
Individually and in his Official Capacity, SERGEANT
PATRICK GOLDEN, Individually and in his Official
Capacity, and POLICE OFFICER STACEY ROBINSON,
Individually and in her Official Capacity,

Defendants.
------------------------------------------------------------------X

Plaintiff, **DICK GEORGE,** by his attorneys, HELD & HINES, LLP, complaining of the

defendants, hereinafter states and alleges as follows upon information and belief:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action seeking compensatory damages, punitive damages and

attorney's fees for violations of his civil rights by the defendants, their agents, servants and/or

employees, while acting under color of law, as said rights are secured by the statutes and

Constitutions of the United States of America and the State of New York, as well as the Charter,

rules, regulations and ordinances of the City of New York.  Plaintiff also asserts supplemental

state law tort claims.

2.     On or about June 14, 2012, the plaintiff's vehicle was unlawfully stopped by three

(3) New York City Police Department officers from the 70th Precinct, acting under the color of

law.  During the course of said police stop and the events that transpired thereafter, said officers

harassed, intimidated, threatened, strip searched, used excessive physical force, falsely detained,

arrested and imprisoned Plaintiff, conspired to violate Plaintiff's civil rights, conspired to falsely

arrest and imprison Plaintiff, and approached at least three (3) individuals and attempted to have said persons make false criminal allegations against the plaintiff, all causing the plaintiff to suffer physical, psychological and emotional injuries and pecuniary loss.

3. Then, prior to releasing Plaintiff from the defendants' custody, the defendant officers purposely deleted all photographic, audio and video recordings from Plaintiff's cellular telephone in order to destroy and cover up evidence of their unlawful activities depicted therein.

4. Upon information and belief, the defendant officers and their supervisors have lied, submitted false statements, and purposely failed to investigate the subject incident, all in an effort to prevent the aforesaid unlawful conduct from coming to light.

5. During the course of the subject police encounter, Plaintiff sought but was repeatedly and unlawfully denied reasonable, due and necessary medical care and treatment by the defendants, their agents, servants and/or employees, acting under the color of law and in violation of Plaintiff's constitutional and statutory rights, causing the plaintiff to suffer further physical, psychological and emotional injuries.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, the statutes and Constitution of the State of New York, as well as the Charter, statutes, rules, and regulations of the City of New York.

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforesaid statutory and constitutional provisions.

8. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over claims which arise under the relevant provisions of New York state law.

9.     Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. §1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983, and New York Civil Practice Law and Rules, Article 86, for pendent claims arising under state law.

10.    Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## PARTIES

11.    At all times mentioned herein, Plaintiff was and remains a resident of the City and State of New York, County of Kings.

12.    Upon information and belief, and at all times mentioned herein, the defendant, **THE CITY OF NEW YORK** (hereinafter referred to as "the City"), was and still is a body corporate and politic, constituting a municipal corporation, duly organized and existing under and by virtue of the laws of the City and State of New York.

13.    Upon information and belief, and at all times mentioned herein, the City maintains the defendant, **NEW YORK CITY POLICE DEPARTMENT** (hereinafter referred to as the "NYPD"), pursuant to law.

14.    Upon information and belief, and at all times mentioned herein, the defendant, **LIEUTENANT DENNIS FERBER** (hereinafter referred to as "Lt. Ferber"), is a resident of the State of New York.

15.    At all times mentioned herein, Lt. Ferber was and still is a police officer employed by the City and NYPD. As used herein, the term "police officer" is intended to refer to NYPD officers in the general and not to any specific rank, title or position.

16.     Upon information and belief, and at all times mentioned herein, Lt. Ferber was assigned to the NYPD's 70ᵗʰ Precinct.

17.     Upon information and belief, and at all times mentioned herein, the defendant, **SERGEANT PATRICK GOLDEN** (hereinafter referred to as "Sgt. Golden"), is a resident of the State of New York.

18.     At all times mentioned herein, Sgt. Golden was and still is a police officer employed by the City and NYPD.  As used herein, the term "police officer" is intended to refer to NYPD officers in the general and not to any specific rank, title or position.

19.     Upon information and belief, and at all times mentioned herein, Sgt. Golden was assigned to the NYPD's 70ᵗʰ Precinct.

20.     Upon information and belief, and at all times mentioned herein, the defendant, **POLICE OFFICER STACEY ROBINSON** (hereinafter referred to as "PO Robinson"), is a resident of the State of New York.

21.     At all times mentioned herein, PO Robinson was and still is a police officer employed by the City and NYPD.  As used herein, the term "police officer" is intended to refer to NYPD officers in the general and not to any specific rank, title or position.

22.     Upon information and belief, and at all times mentioned herein, PO Robinson was assigned to the NYPD's 70ᵗʰ Precinct.

23.     The City was and remains the public employer of Lt. Ferber, Sgt. Golden and PO Robinson (hereinafter collectively referred to as "the defendant police officers").

24.     The NYPD was and remains the public employer of Lt. Ferber, Sgt. Golden and PO Robinson (hereinafter collectively referred to as "the defendant police officers").

25.     At all times mentioned herein, the defendants were acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York and/or NYPD.

26.     The defendant police officers are sued in their individual and official capacities.

27.     That upon information and belief, and at all times mentioned herein, the City, its departments, agents, servants and/or employees, owned, operated, maintained, managed, supervised, directed and/or controlled the police precincts and divisions of the NYPD, including but not limited to the 70ª Precinct, as well as the police officers assigned and/or stationed thereat.

28.     At all times mentioned herein, the City, its departments, agents, servants and/or employees, was charged with hiring, training, retaining, directing, supervising, investigating, disciplining, overseeing, appointing and promoting police officers, supervisors and staff in their employ, including but not limited to the defendant police officers.

29.     That upon information and belief, and at all times mentioned herein, the defendant police officers were acting under the direction, supervision, authority and/or control of the City and/or NYPD, their agents, servants and/or employees.

30.     The NYPD, through its senior officials at the central office and in each of its precincts, promulgates and implements policies, including those with respect to the racial profiling, stop and frisk, use of force, reporting and investigation of uses of force by uniformed staff, and provision and access to medical and other program services mandated by local law and court orders.  In addition, senior officials in the NYPD are aware of and tolerate certain practices by subordinate employees, including those that are inconsistent with formal policy.  These practices, because they are widespread, long-standing, and deeply embedded in the culture of the agency, constitute unwritten NYPD policies or customs.

31.     At all times mentioned herein, Defendants Lt. Ferber and Sgt. Golden had direct, first-line supervisory responsibilities over the police officers assigned to the 70th Precinct, including responsibility for taking appropriate measures to ensure and protect the civil rights and personal safety of members of the public in general, and Plaintiff in particular, who come into contact with the police officers of the 70th Precinct.  These responsibilities were required to be carried out in a manner consistent with the laws and mandates that govern or control the City and NYPD, including City and NYPD directives and orders concerning: the use of force, the reporting of use of force, the provision of and access to medical care, treatment and services. Each of these supervisors is sued in his/her individual and official capacities.  Plaintiff does not know the names of Lt. Ferber and Sgt. Golden and will amend this Complaint to state the true names of said individuals when they become known.

32.     Defendants Lt. Ferber, Sgt. Golden and PO Robinson were those police officers employed by the City and/or NYPD who harassed, intimidated, threatened, strip searched, and used excessive physical force on Plaintiff; who falsely detained, arrested and imprisoned Plaintiff; who conspired to violate Plaintiff's civil rights; who conspired to falsely arrest and imprison Plaintiff; who approached at least three (3) individuals and attempted to have said persons make false criminal allegations against the plaintiff; who ignored, refused, denied, and/or delayed Plaintiff's requests for medical attention for the injuries alleged herein; who knowingly drafted and/or filed, or conspired to file, false reports, incident reports, medical reports, summons(es), appearance tickets, and complaint and arrest reports against Plaintiff; who gave knowingly false statements or testimony in or for a criminal proceeding regarding Plaintiff; and/or who deleted photographic, audio and video recordings from Plaintiff's cellular telephone in order to cover up evidence of their unlawful activities depicted therein.

## STATEMENT OF FACTS

33.     On or about June 14, 2012, at approximately 6:00 p.m., Plaintiff was sitting in his motor vehicle and parked at or near the intersection of Ocean Avenue and Albemarle Road, Brooklyn, New York, when he observed Lt. Ferber, Sgt. Golden and PO Robinson exit their unmarked police vehicle and approach three (3) young, black youths congregated on the sidewalk and immediately begin to frisk and search them.

34.     Plaintiff took photographs of this encounter between the defendant police officers and the three youths with his cellular telephone.

35.     As the defendant police officers were returning to their vehicle, Plaintiff commented to one of the youths that "in situations like that, next time make sure and ask to see a badge number or some identification from the police", or words to that effect.

36.     Having apparently heard what Plaintiff had said, Lt. Ferber retorted, "What did he just say to them, get our badge number...let's go get him", or words to that effect.

37.     The defendant police officers then entered their police vehicle and began following Plaintiff's vehicle.

38.     Plaintiff, apprehensive that his safety, liberty and physical well-being might now be in jeopardy, telephoned 911 and explained to the 911 operator what was happening, as aforesaid.

39.     The defendant police officers then pulled Plaintiff's vehicle over and exited their police vehicle with their weapons drawn on Plaintiff.

40.     Upon Plaintiff asking Lt. Ferber to see his badge, Lt. Ferber physically pulled at Plaintiff and removed him from his vehicle, Sgt. Golden disconnected Plaintiff's telephone call with the 911 operator, and PO Robinson stated that the defendant police officers "needed to

arrest Plaintiff in order to teach him a lesson in meddling in other people's business", or words to that effect.

41.      In the course of Lt. Ferber physically grasping and pulling Plaintiff out of his vehicle, Lt. Ferber caused Plaintiff's knee to strike the door frame, causing Plaintiff to sustain injury thereto.

42.      Once removed from his vehicle, the defendant police officers frisked and searched Plaintiff's person, purposely handcuffed him excessively tight to the point that the cuffs broke Plaintiff's skin, and then pushed him into their police vehicle.

43.      Lt. Ferber then threatened Plaintiff, "Now we are going to give you what you deserve for meddling in our business and when we finish with you, you can sue the City for $5,000,000.00 and get rich. We don't care.", or words to that effect.  PO Robinson then said to Plaintiff, "Did your parents teach you that when you are walking the street you do not put your mouth in other people's business?", or words to that effect.

44.      The defendant police officers then drove Plaintiff back to the location where the three youths were still standing.  Lt. Ferber and Sgt. Golden then exited the police vehicle, approached the youths, and attempted to get the youths to falsely state that they witnessed Plaintiff assault a woman earlier in the day.  The youths refused to go along with Lt. Ferber and Sgt. Golden's attempt to fabricate criminal charges against Plaintiff.

45.      Lt. Ferber and Sgt. Golden then returned to their vehicle and proceeded to drive Plaintiff around the area, verbally threatening and intimidating Plaintiff for, as they stated, "being an activist".

46.     Plaintiff repeatedly informed the defendant police officers that his knee and wrists were hurting him and that his knee pain was being exacerbated by being cramped into the back seat of the police vehicle.

47.     Despite being placed under arrest, Plaintiff was never informed of his Miranda rights.

48.     Upon being brought to the 70th Precinct, Plaintiff was taken to the front desk area, where Lt. Ferber then proceed to pull down Plaintiff's pants (in open view of the public threat) and began to search him.

49.     Several minutes later, Plaintiff requested an ambulance because of the pain he was still experiencing in his knee and wrists.  Lt. Ferber and PO Robinson denied Plaintiff's request.

50.     Shortly thereafter, Plaintiff overheard a conversation between Lt. Ferber and PO Robinson wherein they discussed what felony charges to concoct against Plaintiff and what evidence they could fabricate in support of the charges.

51.     Plaintiff was then transferred to a holding cell, where he remained for approximately forty-five (45) minutes before being released on a Desk Appearance Ticket for Disorderly Conduct.

52.     Plaintiff was then provided his cellular telephone, but the defendant police officer(s) refused to return Plaintiff's driver's license to him.

53.     Upon the return of his cellular telephone, Plaintiff noticed that the photographs and/or other recordings he took of the defendant police officers' interaction with the youths had been erased from his telephone by the defendant police officer(s).

54.     Thereafter, Plaintiff returned to his vehicle and was speaking to a witness to his arrest, when he noticed the defendant police officers drive by in their police vehicle and turn on their police lights, which he believed to be an attempt to further humiliate and intimidate him.

55.     The aforesaid conduct, all undertaken while the defendant police officers were acting under the color of law, was without legal cause or justification.

56.     The defendants' aforesaid conduct constitutes a gratuitous, unjustified and excessive use of force and punishment.

57.     The defendants' aforesaid conduct was not founded upon reasonable suspicion, probable cause or any reasonably lawful interest, but rather, was solely done in retaliation and retribution for comments Plaintiff made to the three (3) youths aforesaid.

58.     As a result of the aforesaid conduct, Plaintiff suffered physical injuries of a serious and important nature; however, each of the defendants delayed and/or failed to authorize, make arrangements for, or provide timely and adequate medical care or treatment to Plaintiff.

59.     Plaintiff's medical condition was of such gravity that it can be considered a serious medical condition. Defendants, by ignoring his requests for treatment, acted with deliberate indifference.

60.     As a result of the defendants' deliberate indifference, Plaintiff experienced prolonged and significantly increased pain.

61.     Plaintiff's aforesaid injuries significantly affect his daily activities, including but not limited to his ability to ambulate.

62.     The failure of all defendants to provide due and timely medical care and treatment to the plaintiff caused further and substantial harm to the plaintiff, including but not limited to increased and prolonged pain, and psychological and emotional injuries.

63.     The supervisory staff within the NYPD and the command structure of the NYPD knew and/or knows that the pattern of police harassment, intimidation, physical abuse, cover-up, and denial of medical care, as described above, existed and still exists within the NYPD. The NYPD's failure to take measures to curb this pattern of brutality constitutes acquiescence in the known unlawful behavior of its officers. The prevalence of these practices and general knowledge of their existence, and the failure of these defendants to take remedial action despite the fact that the foregoing has been persistently brought to the NYPD's attention, constitutes deliberate indifference to the rights and safety of the public in general, and Plaintiff in particular. These defendants' conduct has been a substantial factor in the continuation of such violence and a proximate cause of the constitutional violations alleged in this Complaint.

64.     NYPD operates under a system-wide policy. With some exceptions, the NYPD trains all of its officers at a single Training Academy according to a uniform curriculum; maintains a centralized Investigation Division to investigate allegations such as those contained herein under uniform procedures; and maintains a centralized unit to conduct administrative prosecutions (or to decline to prosecute, or to plea-bargain) in those few instances where the NYPD substantiates the allegation(s).

65.     The supervisory staff of the NYPD has consistently failed to investigate allegations such as those contained herein and to discipline officers who have violated NYPD guidelines. The investigation of these incidents by central office and/or supervisory staff reflects a bias in favor of uniformed officers. Furthermore, officers and staff who are known to have violated an individual's civil rights in one command are often transferred by NYPD to another command rather than be disciplined, demoted or fired by the NYPD.

66.     Upon information and belief, the pattern of misconduct alleged herein has been condoned by ranking commanders and supervisors of the NYPD, who have been or are aware of the number, frequency, and severity of these incidents and of the continuing risk of physical injury at the hands of uniformed officers.  Supervisors receive and/or received a daily compilation of reports from NYPD commands documenting violent incidents, including an officer's use of force.  These reports, which are circulated throughout the NYPD, contain brief summaries of the incident.  These summaries have documented, and continue to document, the routine application of intimidation, police stops, strip searches, false arrests and imprisonments, and false criminal charges being asserted by officers under circumstances which very often suggest that the officers' accounts are fabricated to cover up brutality and other misconduct.  These reports routinely document injustices the same or similar to the allegations contained herein, and consistently find no basis to question the officer's conduct, even when officer reports describe conduct which is proscribed by NYPD written policy or fail to account for the arrestee's injuries.

67.     With rare exception, officers whose misconduct is brought to the attention of supervisory personnel continue to work without any substantial disciplinary action being taken against them.  Many of these officers are simply transferred to another precinct, where their misconduct continues.  Although the NYPD has a computerized system capable of identifying officers involved in multiple unlawful arrests and/or cover-ups, this information has not been utilized by NYPD commanders or supervisors to reduce the severity or incidence of these events.  The fact that these abuses by officers remain unchecked and unrestrained leads the staff to believe that they may act with impunity.

68.     Similarly, City and NYPD officials and supervisory staff have consistently failed to investigate CCRB and IAB complaints of police harassment and intimidation, unlawful police stops, false arrests and detentions, police cover-ups, officer disrespect, medical inattention, violations of NYPD guidelines, as well as other misconduct; and have failed to discipline the subjects of those grievances and complaints which were substantiated.

## CONDITIONS PRECEDENT

69.     That on or about August 23, 2012, Plaintiff caused a Notice of Claim to be duly filed with the City of New York setting forth the time, place, substance of claim, and description of injuries sustained by the plaintiff.

70.     That more than thirty (30) days have elapsed since said date and the City of New York has neglected and refused to make an adjustment thereof.

71.     That the City of New York did conduct a hearing pursuant to Section 50-h of the General Municipal Law.

72.     This action is commenced, including all applicable tolls, within the applicable statutes of limitations.

73.     This action falls within one or more of the exceptions set forth in CPLR §1602.

## FIRST CLAIM FOR RELIEF:
### 42 U.S.C. §1983

74.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "73", inclusive, of this Complaint, as if same were fully set forth herein at length.

75.     As set forth above, the defendant police officers, Lt. Ferber, Sgt. Golden and PO Robinson, acting under the color of law, did harass, intimidate, threaten, strip search, and use excessive physical force on Plaintiff; falsely detained, arrested and imprisoned Plaintiff;

conspired to violate Plaintiff's civil rights; conspired to falsely arrest and imprison Plaintiff; approached at least three (3) individuals and attempted to have said persons make false criminal allegations against the plaintiff; ignored, refused, denied, and/or delayed Plaintiff's requests for medical attention; knowingly drafted and/or filed, or conspired to file, false reports, incident reports, medical reports, summons(es), appearance tickets, and complaint and arrest reports against Plaintiff; and/or deleted photographic, audio and video recordings from Plaintiff's cellular telephone in order to cover-up evidence of their unlawful activities depicted therein, all without legal cause or justification and with purposeful intent to cause harm to Plaintiff.

76.  As set forth above, City and/or NYPD supervisors and officers failed to notify City or federal authorities as to what they had seen and/or heard.

77.  As set forth above, the City, NYPD and/or their supervisory personnel failed to take appropriate action to investigate and report the subject incident.

78.  As set forth above, the subject incident, as well as the defendant police officers' ignoring, acquiescence, joining and/or complicity in same, constituted an unnecessary, unreasonable, and excessive use of force.

79.  The defendants acted with deliberate indifference to the plaintiff's safety, security, health and immediate medical needs.

80.  As a direct and proximate result of the defendants' deliberate indifference, the plaintiff's resulting physical, psychological and emotional injuries, pain and suffering were caused and/or significantly exacerbated.

81.  As set forth above, the defendants have made every effort to conceal the truth about what actually occurred, including but not limited to covering up, or attempting to cover up, the illegal conduct of the defendant police officers.

82.     The aforesaid acts and omissions violated the plaintiff's clearly established rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the physical, psychological, and emotional injuries he suffered.

83.     The actions of the defendant police officers were malicious.

84.     As set forth above, the City and NYPD have had, and continue to have, a custom and practice of deliberate delay and avoidance in investigating allegations of abuse and other misconduct by their police officers, to the detriment of the plaintiff.

85.     The City and NYPD, their agents, servants and/or employees, including but not limited to the defendant police officers, by reasonable diligence, could have prevented the aforesaid wrongful acts from being committed.

86.     The City and NYPD, their agents, servants and/or employees, including but not limited to the defendant police officers, by reasonable diligence, could have mitigated the plaintiff's injuries had they intervened in the aforesaid unlawful conduct and/or protected Plaintiff.

87.     The City and NYPD, their agents, servants and/or employees, including but not limited to the defendant police officers, violated Plaintiff's Constitutional rights by:

      a.     Unlawfully stopping Plaintiff's vehicle;

      b.     Harassing, intimidating and threatening Plaintiff;

      c.     Conducting a strip search of Plaintiff absent legal cause;

      d.     Unlawfully causing and/or allowing the false arrest, detention and imprisonment of Plaintiff to occur;

      e.     Unlawfully searching Plaintiff's person and cellular telephone;

f.      Purposely seizing, converting and deleting Plaintiff's photographic, audio and video recordings from his cellular telephone in an effort to cover-up their unlawful conduct aforesaid;

g.      Using unreasonable and excessive physical force on the plaintiff;

h.      Failing to intercede on behalf of the plaintiff to prevent the Constitutional violations aforesaid, despite having an opportunity to do so, but due to their deliberate indifference declined or refused to do so;

i.      Failing to provide timely and due medical care and treatment to Plaintiff;

j.      Arresting and imprisoning Plaintiff without legal cause;

k.      Depriving the plaintiff access to and redress from the courts;

l.      Denying the plaintiff the equal protection of the laws;

m.      Engaging in a cover-up in order to conceal the wrongful and unlawful conduct taken against the plaintiff; and

n.      By subjecting Plaintiff to cruel and unusual punishment, all in violation of Federal, State and local law.

88.      That as a result of the foregoing, Plaintiff was caused to be subjected to the deprivations of rights, privileges and/or immunities secured by the Constitution and statutes of the United States of America and has been damaged thereby.

89.      As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

**SECOND CLAIM FOR RELIEF:**
**42 U.S.C. §§1985 AND 1986**

90.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "89", inclusive, of this Complaint, as if same were fully set forth herein at length.

91.     Defendants, City and NYPD, their employees, agents and/or servants, including but not limited to the defendant police officers and supervisors, acting under the color of law, willfully conspired with one another to deprive the plaintiff of his constitutional rights, including but not limited to his right: to be free from cruel and unusual punishment; to be free from the use of unreasonable and/or excessive force; to be free from false arrest and false imprisonment; to be free from unreasonable delay and/or denial of medical attention; to be free from police harassment and intimidation; to be free from unlawful search and seizure; to equal protection of the law; to equal privileges and immunities under the law; to associate and speak freely; and to have access to and seek redress in the courts.

92.     It was part of said conspiracy that said defendants did cause and/or permit Plaintiff to be falsely arrested, detained and imprisoned.

93.     It was part of said conspiracy that said defendants did deny and/or delay due and necessary medical care and treatment to the plaintiff.

94.     It was part of said conspiracy that said defendants did fail to protect the plaintiff from known harms while he was in their custody.

95.     In furtherance of the conspiracy and in order to cover up their unlawful conduct, Defendants engaged in the following:

        a.     Deleting and destroying the photographic, audio and visual recordings on Plaintiff's cellular telephone;

b.      Fabricating and contriving criminal reports and/or records;

c.      Failing to make medical treatment timely available to Plaintiff;

d.      Attempting to convince three (3) individuals to provide false statements implicating Plaintiff of a crime he did not commit;

e.      Although they were aware of the subject events and were required to report it, deliberately suppressing the truth; and

f.      Submitting false reports, statements and/or testimony to support and corroborate the fabricated allegations lodged against the plaintiff, for their own benefit.

96.      As a result of said conspiracy and/or said defendants' furtherance of the conspiracy, Plaintiff has been injured and deprived of the rights and privileges afforded by the Constitution and statutes of the United States of America.

97.      Said defendants had knowledge that a 42 U.S.C. §1985(3) conspiracy was in progress, had the power to prevent or aid in preventing the conspiracy from continuing, and neglected or refused to do so.

98.      With due diligence, said defendants could have promptly reported the subject events to superiors and to duly authorized investigators.  Their failure to do so contributed to the plaintiff suffering gratuitously, thereby exacerbating his pain and suffering.

99.      Had said defendants complied with the law and furnished truthful information to authorities, their conduct and/or Plaintiff's conduct, the §1985(3) conspiracy would not have succeeded to the extent that it did.

100.      As a proximate and direct cause of said defendants' conduct, the plaintiff suffered physical, psychological and emotional injuries.

### THIRD CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

101.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "100", inclusive, of this Complaint, as if same were fully set forth herein at length.

102.    The defendant police officers, collectively and individually, while acting under color of state and local law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the City and/or NYPD but which is forbidden by the Constitution of the United States.

103.    That prior to June 14, 2012, the City and NYPD developed and maintained customs, policies, usages, practices, procedures and rules exhibiting deliberate indifference to the constitutional rights of the public, which caused the violations of the plaintiff's rights.

104.    That the aforementioned customs, policies, usages, practices, procedures and rules of the City and NYPD included, but were not limited to: (a) ignoring the constitutional rights of the general public; (b) ignoring the constitutional rights of persons in their custody and control; (c) depriving persons in their custody and control their constitutional rights; (d) using force in an unreasonable, unnecessary, unjustified and excessive manner; (e) failing to adequately instruct and supervise the police officers under said defendants' control in the proper and appropriate care and treatment of individuals and detainees in their custody and control; (f) inadequately and/or improperly investigating complaints of harassment, intimidation, misconduct, use of force and abuse by police officers, and inadequately punishing the subjects of those complaints which were substantiated; (g) tolerating acts of brutality; (h) the Internal Affairs Bureau and Inspector General having substantially failed in their responsibilities to investigate misconduct and discipline offenders; (i) having polices that operate to insulate police officers who engage in

criminal or other serious official misconduct from detection, prosecution, and punishment, and are maintained with deliberate indifference; and (j) allowing police officers and supervisors to engage in a pattern and practice of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence", which has become so ingrained in the defendants so as to constitute a policy of the City and NYPD.

105.    The long-standing failure or refusal to supervise the police officers under said defendants' control, including supervisory staff, is now so institutionalized as to constitute a policy or custom of tolerating and authorizing the type of abuse alleged herein. It is this policy or custom of abuse and cover-up that has caused the deprivation of the plaintiff's rights.

106.    Said defendants' policy or custom of tolerating and authorizing this type of abuse is further evidenced by frequent and significant findings of misconduct over a period of years by command personnel, supervisors, and the police officers they supervise.

107.    The failures and refusals by the City and NYPD to hold these supervisors and police officers accountable is a proximate cause of the injuries sustained by the plaintiff, and undoubtedly hundreds of other persons.

108.    Through promotions and other financial and status incentives, the City and NYPD have the power to reward police officers who perform their jobs adequately and to punish – or at the very least fail to reward – those who do not. The City and NYPD's actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer harassment and intimidation, cover-up, medical neglect, or other misconduct, and fails to investigate these incidents, will suffer no damage to his or her career or financial penalty.

109. The pattern of unchecked abuse by police officers and supervisory staff, the extent to which these unlawful practices have been adopted by significant numbers of the staff, and the persistent failure or refusal of the City and NYPD to supervise these persons properly and to take action to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorizes the claimed misconduct against the plaintiff

110. The foregoing customs, policies, usages, practices, procedures and rules of the City and NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

111. The foregoing customs, policies, usages, practices, procedures and rules of the City and NYPD were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

112. The foregoing customs, policies, usages, practices, procedures and rules of the City and NYPD were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

113. Prior to and at the time of the subject date of incident, there existed a pattern and practice of police harassment, intimidation, unlawful stops and frisks, strip searches without legal justification, excessive uses of physical force, unlawful detainer, false arrests and imprisonments, cover-ups and conspiracies to cover-up unlawful conduct, refusals and/or failures to provide medical care or make medical care timely available, failures to conduct unbiased and thorough investigations of same and to discipline staff meaningfully and promptly for misconduct, and the long-standing failure or refusal to supervise police officers, including supervisory staff, are now so institutionalized as to constitute a policy or custom of tolerating and

authorizing the wrongs alleged herein. It is this policy or custom of abuse and cover-up that has caused the deprivation of Plaintiff's constitutional rights.

114.   The City and NYPD have failed or refused to hold accountable high-ranking supervisors (i.e., captains, lieutenants, assistant deputy commissioners, deputy commissioners, and commissioner) in the face of frequent and significant misconduct, over a period of years, by these supervisors and by the officers they supervise. This failure has subjected Plaintiff and other members of the public to the constitutional and statutory violations alleged herein. This failure is a proximate cause of the injuries sustained by the plaintiff and by other members of the public.

115.   As a result of the foregoing, Plaintiff is entitled to compensatory damages, together with attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

### FOURTH CLAIM FOR RELIEF: FAILURE TO PROTECT AND NEGLECT

116.   Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "115" inclusive, of this Complaint, as if same were fully set forth herein at length.

117.   All defendants, their agents, servants and employees, owed a duty to care and protect Plaintiff while he was in their custody, control and care.

118.   As set forth above, all defendants failed to protect Plaintiff from known and dangerous harms.

119.   As set forth above, Defendants failed to intervene, mitigate and/or stop the events alleged herein.

120.    As set forth above, Defendants failed to provide timely and adequate medical care and treatment to Plaintiff.

121.    As set forth above, all defendants knew of and consciously disregarded an excessive risk to Plaintiff's health and safety.

122.    All defendants failed to report the unlawful conduct alleged herein to supervisors.

123.    The City and NYPD, their agents, servants and employees, failed to investigate, sanction and/or discipline any of the defendant police officers for their aforesaid unlawful conduct.

124.    Due to the defendants' failures to protect the plaintiff, he suffered severe and serious physical, psychological and emotional injuries.

125.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## FIFTH CLAIM FOR RELIEF:
## RETALIATION

126.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "125" inclusive, of this Complaint, as if same were fully set forth herein at length.

127.    Plaintiff's statements made to the three (3) youths were activities protected by the First Amendment.

128.    There was no legitimate or lawful reason for the defendants to stop Plaintiff's motor vehicle; detain, arrest and imprison him; strip search him; use physical force on him; search and seize his cellular telephone; and/or fail to make medical attention timely available to him.

129.   Accordingly, it is clear that the aforesaid conduct was done solely and purposely in retaliation for Plaintiff exercising his First Amendment rights.

130.   The aforesaid conduct was also done in an attempt to chill Plaintiff's future inclination(s) to exercise his First Amendment rights in this regard.

131.   As a result of the foregoing, Plaintiff was harmed and is entitled to an award of compensatory damages against all defendants, and punitive damages against the individual defendants, together with attorney's fees, costs and disbursements.

### PENDANT STATE CLAIMS

### FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: HARASSMENT, INTIMIDATION, ASSAULT AND BATTERY

132.   Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "131", inclusive, of this Complaint, as if same were fully set forth herein at length.

133.   As set forth above, Plaintiff was harassed, intimidated, threatened, strip searched, assaulted, and battered by the defendants, their agents, servants and/or employees, including but not limited to the defendant police officers.

134.   The aforesaid uses of intimidation, threats, and physical force against Plaintiff was excessive, unnecessary, unprovoked and in violation of the Constitution and statutes of the State of New York and the Charter, rules and regulations of the City of New York.

135.   As a result of the foregoing, Plaintiff suffered a violation of his civil and due process rights.

136.   As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

137.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
## UNLAWFUL DETAINER, FALSE ARREST AND FALSE IMPRISONMENT

138.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "137", inclusive, of this Complaint, as if same were fully set forth herein at length.

139.    As set forth above, Plaintiff was unlawfully detained, falsely arrested and falsely imprisoned by the defendants, their agents, servants and/or employees, including but not limited to the defendant police officers.

140.    The aforesaid unlawful detainer, false arrest and false imprisonment of Plaintiff was in clear violation of the Constitution and statutes of the State of New York and the Charter, rules and regulations of the City of New York.

141.    As a result of the foregoing, Plaintiff suffered a violation of his civil and due process rights.

142.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

143.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
## TRESPASS TO CHATTELS AND CONVERSION

144.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "143", inclusive, of this Complaint, as if same were fully set forth herein at length.

145.    As set forth above, the defendant police officers confiscated Plaintiff's cellular telephone and driver's license.

146.    Prior to returning his cellular telephone to him, the defendant police officers deleted, wiped and/or removed all photographs, audio and video recordings from the plaintiff's telephone.

147.    The defendants never returned Plaintiff's driver's license to him.

148.    The trespass to chattels and conversion was in clear violation of the statutes of the State of New York and the Charter, rules and regulations of the City of New York.

149.    As a result of the foregoing, Plaintiff suffered a violation of his civil and due process rights.

150.    As a result of the foregoing, Plaintiff suffered loss of property.

151.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
## CONSPIRACY

152.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "151", inclusive, of this Complaint, as if same were fully set forth herein at length.

153.     As set forth above, the defendant police officers conspired with and amongst one another to harass, intimidate, threaten, strip search, assault, batter, unlawfully detain, falsely arrest, and falsely imprison the plaintiff, convert and destroy Plaintiff's property, cover-up their unlawful conduct, and otherwise deprive the plaintiff of his Constitutional and statutory rights.

154.     As set forth above, the defendant police officers threatened and intimidated three (3) presently unknown individuals to make false criminal allegations against the plaintiff in furtherance of their conspiracy.

155.     As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries, as well as loss of property.

156.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: VIOLATION OF NEW YORK CONSTITUTION AND STATUTES

157.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "156", inclusive, of this Complaint, as if same were fully set forth herein at length.

158.     By reason of the allegations contained herein, Plaintiff was deprived by defendants of his rights to free speech, to peaceably assemble, to be free from retaliation for exercising his constitutional and statutory rights, to be free from unlawful search and seizure, to be free from gratuitous and excessive force and punishment, to be free from cruel and unusual punishment, and to due process of law, as guaranteed to him by the Constitution and statutes of the State of New York and the Charter, rules and regulations of the City of New York.  The

defendants' conduct manifested deliberate indifference to plaintiff's constitutional rights, for which all defendants are liable.

159.    The aforesaid violations, and the failure of supervisory personnel and the City and NYPD to take appropriate steps to curb the widespread pattern of same or similar conduct by police officers, violated plaintiff's rights under the New York State Constitution, to due process of law, and to be free from degrading treatment and physical abuse.

160.    By their refusal to provide prompt medical attention to plaintiff after he was injured, the defendants violated Plaintiff's statutory rights.

161.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

### SIXTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

162.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "161", inclusive, of this Complaint, as if same were fully set forth herein at length.

163.    The City and NYPD were negligent, careless and/or reckless in the hiring, training, retention, supervision, direction, control, appointment and/or promotion of the their agents, servants and employees, including but not limited to the defendant police officers, in that said employees lacked the experience and ability to be employed by the City and/or NYPD; in failing to exercise due care and caution in their hiring, appointment and promotion practices, and in particular, hiring individuals who lacked the mental capacity and ability to function as employees of said defendants; in that the defendant-employees lacked the maturity, sensibility and intelligence to be employed by said defendants; in that said defendants knew of the lack of

ability, experience and maturity of the defendant-employees when they hired them; in that said defendants, their agents, servants and/or employees, failed to suspend and/or terminate the defendant-employee(s) when such action was either proper or required; and in being otherwise careless, negligent and reckless in the instance.

164.   The failure of the City and NYPD to adequately train their agents, servants and employees, including but not limited to the defendant police officers, in the exercise of their employment functions, and their failure to enforce the laws of the State of New York and the Charter, rules and regulations of the City of New York, is evidence of the reckless lack of cautious regard for the rights of the public in general and Plaintiff in particular, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

165.   The City and NYPD knew or should have known in the exercise of reasonable care, the propensities of their agents, servants and employees, including but not limited to the defendant police officers, to engage in the wrongful conduct heretofore alleged in this Complaint.

166.   The City and NYPD knew or should have known that their policies, customs and practices, as well as their negligent hiring, retention, supervision, training, appointment and promotion of their agents, servants and employees, including but not limited to the defendant police officers, created an atmosphere where the most prominent offenders felt assured that their most brazen acts of abuse, misconduct and neglect would not be swiftly and effectively investigated and prosecuted.

167.   That the mistreatment and abuse of the plaintiff, as set forth above, was the reasonably foreseeable consequence of said defendants' negligent conduct.

168.    The aforesaid acts of the City and NYPD, their agents, servants and employees, resulted in the plaintiff being harassed, intimidated, threatened, strip searched, assaulted, battered, falsely detained, arrested and imprisoned, and his civil rights being violated.

169.    The aforesaid acts of the City and NYPD, their agents, servants and employees, resulted in the plaintiff being denied and/or delayed reasonable, necessary and due medical care following the Incident.

170.    The aforesaid acts of the City and NYPD resulted in the plaintiff being caused to experience severe physical, psychological and emotional pain and suffering, and in other respects, was damaged.

171.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, attorney's fees, costs, expert's fees, and disbursements.

## SEVENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW: NEGLECT AND FAILURE TO PROVIDE MEDICAL TREATMENT

172.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "171", inclusive, of this Complaint, as if same were fully set forth herein at length.

173.    Defendants, their agents, servants and/or employees, were required to make available and/or provide medical care and treatment to the plaintiff while he was in their custody and control.

174.    The defendants knew or should have known the extent of the injuries Plaintiff sustained during the subject police encounter and intentionally and/or negligently delayed, denied and/or failed to make medical care and treatment available to Plaintiff.

175.    The defendants knew or should have known that their neglect, denial and/or delay of medical care and treatment to the plaintiff created an unreasonable risk of bodily injury.

176.   The defendants' neglect, denial and/or delay of medical care and treatment did cause and/or exacerbate Plaintiff's physical, psychological and emotional pain and suffering.

177.   As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## EIGHTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

178.   Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "177", inclusive, of this Complaint, as if same were fully set forth herein at length.

179.   The aforesaid acts of the defendants, their agents, servants and employees, acting individually and/or in conjunction with the other defendants, were intentional, malicious and excessive, and served no reasonable or legitimate penological interest.

180.   The defendants' intentional, reckless and/or negligent infliction of emotional and mental distress constituted misconduct of an egregious and outrageous nature that exceeds all bounds usually tolerated by society and unreasonably endangered Plaintiff's physical safety.

181.   As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

182.   As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## NINTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
### NEGLIGENCE

183.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "182", inclusive, of this Complaint, as if same were fully set forth herein at length.

184.    As set forth above, Defendants, their agents, servants and employees, were negligent and the proximate cause of injuries and damages suffered by the Plaintiff.

185.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

186.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## TENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
### *RESPONDEAT SUPERIOR*

187.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "186", inclusive, of this Complaint, as if same were fully set forth herein at length.

188.    Inasmuch as the defendant police officers were acting for, upon, and/or in furtherance of the business of their employer(s) and/or within the scope of their employment, the City and NYPD are liable, jointly and severally, under the doctrine of *respondeat superior* for the tortious actions of same.

## ELEVENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
### FAILURE TO PROTECT

189.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "188" inclusive, of this Complaint, as if same were fully set forth herein at length.

190.   All defendants, their agents, servants and employees, owed a duty to care and protect Plaintiff while he was in their custody, control and care.

191.   As set forth above, all defendants failed to protect Plaintiff from known and dangerous harms, including themselves and each other.

192.   As set forth above, each of the defendant police officers failed to intervene, mitigate and/or stop the subject incident at any time during the happening of the incident.

193.   As set forth above, the defendants failed to make timely and adequate medical care and treatment to Plaintiff following the subject beating.

194.   As set forth above, all defendants knew of and consciously disregarded an excessive risk to Plaintiff's health and safety.

195.   All defendants failed to report the abusive conduct of the defendant police officers to supervisors or other authorities.

196.   The City and NYPD, their agents, servants and employees, failed to investigate, sanction and/or discipline any of the defendant police officers for their aforesaid unlawful conduct.

197.   That due to said defendants' failures to protect the plaintiff, he suffered severe and serious physical, psychological and emotional injuries.

198.   As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

## TWELFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW:
## PRIMA FACIE TORT

199.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "198" inclusive, of this Complaint, as if same were fully set forth herein at length.

200.     The aforesaid conduct of the defendants, their agents, servants and employees, as well as their delay and failures to act, caused harm to be inflicted upon the plaintiff out of disinterested malevolence and were the proximate cause of the injuries and damages suffered by the plaintiff.

201.     As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

202.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements.

### JURY DEMAND

203.     Plaintiff hereby demands a trial by jury of all issues in this matter.

### RELIEF

**WHEREFORE**, the plaintiff requests the following relief jointly and severally as against all of the defendants:

1.     An award of compensatory damages in an amount to be determined at trial;

2.     An award of punitive damages against the non-municipal defendant(s) in an amount to be determined at trial;

3.     An award of attorney's fees, expert's fees, costs and disbursements; and

4. Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
June 10, 2013

Respectfully submitted,

**HELD & HINES, LLP**

By:
Philip M. Hines, Esq. (PH5954)
*Attorneys for Plaintiff*
Office and P.O. Address
2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700

## VERIFICATION

STATE OF NEW YORK            )
                            )  ss:
COUNTY OF KINGS             )

_DICK GEORGE_____, being duly sworn deposes and says:

That deponent is the plaintiff in the within action; that deponent has read the foregoing

_AMENDED COMPLAINT_____ and knows the contents thereof, that the same is true to

deponent's own knowledge, except as to the matters therein stated to be alleged upon information

and belief, and that as to those matters deponent believes to be true.

Sworn before me
this 10 day of
June, 2013

NOTARY PUBLIC

GLORIA FONTE
Notary Public, State of New York
No. 01FO6192290
Qualified in Kings County
Commission Expires August 25, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DICK GEORGE,

                    Plaintiff,

      -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, LIEUTENANT DENNIS FERBER,
Individually and in his Official Capacity, SERGEANT
PATRICK GOLDEN, Individually and in his Official
Capacity, and POLICE OFFICER STACEY ROBINSON,
Individually and in her Official Capacity,

                    Defendants.
-----------------------------------------------------------------------X

Docket No.:

**VERIFIED COMPLAINT**

## VERIFIED AMENDED COMPLAINT

**HELD & HINES, LLP**
*Attorneys for Plaintiff*
**Office & Post Office Address**
**2004 Ralph Avenue**
**Brooklyn, New York 11234**
**(718) 531-9700**

Signature (Rule 130-1.1-a)

PHILIP M. HINES, ESQ.